UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-408-GWU

DARONDA MILLS,                                          PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of her application for Supplemental Security Income (SSI). The appeal is

currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled. If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)? If yes, proceed to Step 3. If no, the
    claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any
    impairment(s) significantly limiting the claimant's physical or
    mental ability to do basic work activities? If yes, proceed to
    Step 4. If no, the claimant is not disabled. See 20 C.F.R.
    404.1520(c), 404.1521, 416.920(c), 461.921.

1

Mills

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.    See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.    If no, proceed to Step 7.    See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.    See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

Mills

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

Mills

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

6

Mills

physical and mental impairments.   Varley  v. Secretary of Health and Human
Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Daronda Mills, was found by an Administrative Law Judge (ALJ)
to have "severe" impairments consisting of a lumbar/cervical spine strain,
degenerative joint disease of the lumbosacral spine, sciatica, cervicalgia, a seizure
disorder, and a somatoform disorder.  (Tr. 20).  Nevertheless, based in part on the
testimony of a vocational expert (VE), the ALJ determined that the plaintiff retained
the residual functional capacity to perform a significant number of jobs existing in the
economy and, therefore, was not entitled to benefits.  (Tr. 21-4).  The Appeals
Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of
the plaintiff's age, education, and work experience could perform any jobs if she
were limited to "light" level exertion, and also had the following non-exertional
impairments.  (Tr. 425).  She: (1) could occasionally climb, stoop, bend, crouch,
crawl, and reach overhead; (2) could have no exposure to vibration, dangerous
machinery, sharp objects or heights; and (3) would be limited to simple, non-detailed
tasks where public and co-worker contact was casual and infrequent, supervision
was direct and non-confrontational, and changes in the workforce were infrequent
and gradually introduced.  (Id.).  The VE responded that such a person could return
to her past relevant work as a janitor.  (Id.).  In the alternative, the VE identified other

7

Mills

jobs that such a person could perform, and gave the numbers in which they existed in the state and national economies.  (Tr. 426).

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

As the plaintiff points out, in addition to being prescribed medications for anxiety from family physicians (e.g., Tr. 121, 398), she underwent a psychiatric examination by Dr. Kevin Eggerman on June 11, 2003.  Dr. Eggerman diagnosed a Somatoform Disorder with a Global Assessment of Functioning (GAF) score of 55-60, both currently and for the previous year.  (Tr. 141).  GAF scores in this range reflect "moderate" symptoms.  Diagnostic and Statistical Manual of Mental Disorders (Fourth Edition-Text Revision), p. 34.  Dr. Eggerman concluded that the plaintiff would have a "moderately limited" ability to understand, remember, and carry out detailed instructions, interact appropriately with supervisors, and respond appropriately to work pressures in a usual work setting.  (Tr. 142).  He felt she would have a "mildly to moderately limited" ability to "make judgments on simple work-related decisions," interact appropriately with the public and co-workers, and respond appropriately to changes in a routine work setting.  (Id.).  The terms "mildly" and "moderately" were not defined.

The evidence, including Dr. Eggerman's report, was reviewed by state agency psychologists Jane Brake and Laura Cutler, who prepared mental residual functional capacity assessments agreeing that the plaintiff would have a "moderately limited"

8

ability to maintain attention and concentration for extended periods, to work in coordination with or proximity to others without being distracted by them, to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, to interact appropriately with the general public, to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, to respond appropriately to changes in the work setting, and to set realistic goals or make plans independently of others. (Tr. 290-1, 323-5). On a less detailed part of the form, Dr. Brake noted that the plaintiff's mental allegations were partially credible, but she remained "able to complete tasks of interest to her." (Tr. 292).

While the ALJ stated in his decision that his residual functional capacity was "essentially consistent" with the state agency consultants (Tr. 20), the hypothetical question, even if debatably containing some of the restrictions in a restated form, clearly omitted certain factors such as the ability to complete a normal workday and workweek, performing at a consistent pace, and setting realistic goals and plans independently of others. Moreover, the restrictions were not mentioned in the decision, contrary to the provisions of 20 C.F.R. Section 416.927 (f)(2)(i), which provides that "Administrative Law Judges must consider findings of state agency medical and psychological consultants." Since it is an "elemental principal administrative law" that the Commissioner is bound to follow her own regulations, Wilson v. Commissioner of Social Security, 378 F.3d 541, 545 (6th Cir. 2004), a

Mills

remand will be required for further consideration of the plaintiff's mental limitations and vocational testimony.[1]

The decision will be remanded for further consideration.

This the  27  day of September, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[1]The plaintiff also alleges that the ALJ improperly rejected the restrictive physical limitations of Dr. Neeraj Mahboob, a treating family physician. (Tr. 259-62). Dr. Mahboob was the only treating or examining source to list specific functional restrictions, and, while his physical findings and the findings of other examiners are not especially compelling for establishing limitations to less than full-time sitting and standing in addition to total postural and environmental limitations and significant manipulative limitations, there is no evidence that the ALJ attempted to recontact Dr. Mahboob to obtain additional evidence or clarification as suggested in 20 C.F.R. Section 416.912(e)(1). The plaintiff's argument that Dr. Eggerman's comment that she appeared to have borderline intellectual functioning justified a consultative psychological evaluation with IQ testing is unpersuasive in light of the fact that the physician did not ultimately diagnose borderline intellectual functioning, as well as the plaintiff's testimony that she completed ninth grade and dropped out of school in order to get married. (Tr. 140-1).

10